UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARISSA MELERO,<br><br>   Plaintiff,<br><br> v.<br><br>GABRIEL RUIZ, JOSE VARGAS, COUNTY OF FRESNO CHILD PROTECTIVE SERVICES,<br><br>   Defendants. | Case No. 1:22-cv-01579-ADA-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>14-DAY DEADLINE |

  Plaintiff Narissa Melero is proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with the Court's December 9, 2022, Order and the Court's Local Rules and to prosecute this action.

**BACKGROUND**

  On December 8, 2022, Plaintiff initiated this action filing a complaint, motion to proceed *in forma pauperis*, and a motion for injunctive relief. (Doc. Nos. 1-3). On December 9, 2022, the Court struck the complaint under Fed. R. Civ. P. 11 because it was not signed and directed Plaintiff to file a signed complaint within 30 days. (Doc. No. 4). The December 9, 2022, Order was not returned as undeliverable. *See* docket. On December 13, 2022, the Court denied Plaintiff's motion for injunctive relief. (Doc. No. 5). The December 13, 2002, Order was

returned as undeliverable on December 23, 2022. (*See* docket). On January 17, 2022, after Plaintiff failed to timey comply with the Court's December 9, 2022, Order and file a signed complaint, the Court issued an Order to Show Cause directing Plaintiff to either file a signed complaint or show good cause why her case should not be dismissed under Fed. R. Civ. P. 41 and Local Rules 110 and 183. (Doc. No. 6). The Order to Show Cause also was returned as undeliverable. (*See* docket). As of the date of these Findings and Recommendations, Plaintiff has not filed a notice of change of address nor filed a signed complaint and time to do so has expired. *Id*.

## APPLICABLE LAW AND ANALYSIS

### A. Local and Federal Rules

The Court's local rules require pro se parties to keep the Court updated on his or her current address. L.R. 183(b). "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." *Id*. (emphasis in original).

Federal Rule of Civil Procedure 41(b) also permits a court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). This Court's Local Rules correspond with the Federal Rules and provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Ca. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to involuntarily dismiss an action under Rule 41, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

The undersigned concludes dismissal is appropriate in this case.  Plaintiff has not complied with this Court's Local Rules.  The Court's December 13, 2022, Order denying Plaintiff's motion for preliminary injunction was returned as undeliverable on December 23, 2022.  Plaintiff was to notify the Clerk of her new address no later than Friday, February 24, 2023.  Because Plaintiff has failed to timely provide her current address, dismissal of the action is authorized under the Court's Local Rules.  E.D. Ca. L.R. 183(b).

Alternatively, the Court may dismiss this action under Rule 41 and Local Rule 110.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket if Plaintiff ceases to litigate her case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor, risk of prejudice

3

to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Further, there is no signed complaint for the Court to screen to determine if the action is meritorious.

Any other alternative will be futile since the Court's two most recent orders have been returned as undeliverable and Plaintiff has not provided the Court with her current address. Further, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  Here, Local Rule 110 advises all parties that failure to abide by a court order may result in sanctions, including dismissal.  E.D. Ca. L.R. 110.  Further, pro se litigants are also warned that a failure to provide the Court with a current address may result in the action being dismissed, without prejudice.  E.D. Ca. L.R. 183(b). Thus, Plaintiff had adequate warning that dismissal could result from her failure to comply with the Court's orders and its Local Rules.  Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth

factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal of this case, without prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: February 27, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE